(May 15, 1962)

■   N. V. LEO DE WINTER & CO., Respondent, v. B. N. S. INTERNATIONAL SALES CORPORATION, Appellant, et al., Defendant.

APPEAL from an order of the Supreme Court at Special Term, entered November 14, 1961 in New York County, which denied a motion by appellant for summary judgment.

Order entered on November 14, 1961, denying the motion by defendant B. N. S. International Sales Corporation for summary judgment dismissing the first cause of action for breach of contract, affirmed, with $20 costs and disbursements to plaintiff-respondent.

BREITEL, J.   (dissenting).   The question in this case is whether a seller in foreign export is liable for damages for nondelivery.  Determinative is whether the foreign buyer defaulted in making available a timely and sufficient letter of credit for the benefit of the seller.

All the negotiations were by cablegram and letter.  These reveal that the seller twice specified, without objection or rejection of this term by the buyer, that the letter of credit was required to be established with the New York bank by Tuesday, October 13.*   This was not done until much later.  The opening of the credit with the Amsterdam bank and cable by the buyer to the seller on that date is immaterial, although it may corroborate the understanding that Tuesday, October 13 was a time of essence.  The communications also reveal that the seller specified, also without objection or rejection of this term by the buyer, that the letter of credit must be established with and confirmed by the New York bank.  This, concededly, was not done.  The New York bank, long after Tuesday, October 13, namely, on October 20 and 23, merely advised the buyer of the opening of an irrevocable credit by the Amsterdam bank but did not undertake to perform its obligations.  The New York bank's letter concluded: " This letter is solely an advice of the opening of the aforesaid credit and conveys no engagement by us."

Consequently, there is no issue of fact to resolve, and defendant is entitled to summary judgment.  Notably, in commercial transactions, especially those involving foreign trade in commodities of volatile price, the courts are bound to be especially careful that the written engagements of the parties are enforced according to their tenor and commercial practice.

Accordingly, I dissent and vote to reverse, as a matter of law, and grant defendant seller's motion for summary judgment.

Botein, P. J., Rabin, Valente and Bergan, JJ., concur in decision; Breitel, J., dissents in opinion.

Order entered on November 14, 1961, denying the motion by defendant B. N. S. International Sales Corporation for summary judgment dismissing the first cause of action for breach of contract, affirmed, with $20 costs and disbursements to plaintiff-respondent.  The contract between the parties must be spelled out from the exchange of cablegrams and letters between plaintiff,

---

*   Indeed, the buyer cabled that it would " open the credit with your bankers early next week ", i.e. the week in which October 13 fell.

an importer of foodstuffs in Amsterdam, Netherlands, and appellant, an exporter in New York. The meaning of the language used must be interpreted in the light of the customs and practices of the business in which the parties were engaged. Hence, a determination of the nature of the type of letter of credit which was to be made available to the seller, and whether the opening of a letter of credit with an Amsterdam bank satisfied the contract between the parties, cannot be determined from the papers but must await proof at a trial as to the intent of the parties in the light of the customs and usages of the trade. It cannot be said, as a matter of law, that the contract required plaintiff to establish a letter of credit confirmed by a New York bank. Thus, there is at least a triable issue as to whether or not a letter of credit was opened pursuant to the terms of the contract between the parties.